# EXHIBIT 2

ENGINEERED COMFORT SYSTEMS, INC.,
*a Michigan corporation,*                                  Case No. 2:24-cv-10924

                         Plaintiff,                        Hon. Gershwin A. Drain
vs.                                                        Mag. Judge Elizabeth A. Stafford

THEODORE BORREGO, *an individual;*
VERONICA PAZ-BORREGO, *an individual;*
ASAP AIR MECHANICAL TEAM, INC.,
*a Florida corporation,*

                         Defendants.

---

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS, INCLUDING REQUESTS FOR ADMISSION, TO DEFENDANTS

Plaintiff, Engineered Comfort Systems, Inc. ("ECS"), through its attorneys, pursuant to all applicable Federal Rules of Civil Procedure, submits its First Set of Discovery Requests, including Requests for Admission, to Defendants ("Discovery Requests"), responses to which are due within thirty (30) days from the date of service:

## DEFINITIONS AND INSTRUCTIONS

1.      For purposes of these Discovery Requests, each undefined word shall have its usual and generally accepted meaning. Each defined word, and all variations thereof, shall have the meanings set forth below.

2.     ***"Defendants"*** shall collectively refer to Theodore Borrego, Veronica Paz-Borrego, and ASAP Air Mechanical Team, Inc..

3.     ***"ECS"*** shall refer to Plaintiff, Engineered Comfort Systems, Inc., including its representatives, agents, attorneys, predecessors and/or successors in interest, members, managers, owners, and all others acting on its behalf.

4.     ***"ASAP"*** shall refer to Defendant, ASAP Air Mechanical Team, Inc., including its representatives, agents, attorneys, predecessors and/or successors in interest, members, managers, owners, and all others acting on its behalf.

5.     ***"Borrego"*** or ***"You"*** or ***"Your"*** shall refer to Defendant, Theodore Borrego, each of his current and former agents, representatives, attorneys and/or employees, and any entity of any kind through which Borrego acts or does business.

6.     ***"Paz-Borrego"*** shall refer to Defendant Veronica Paz a/k/a, Veronica Paz-Borrego, and/or Maria Veronica Montesinos and any of her and/or their current and former agents, representatives, attorneys and/or employees, and any entity of any kind through which Paz-Borrego acts or does business.

7.     ***"ECS Customer"*** shall refer to any person or entity that ECS has or is providing goods and/or services to.

8.     ***"ASAP Customer"*** shall refer to any person or entity that ASAP has or is providing goods and/or services to.

9.      ***"Prospective"*** means any person or entity expected or expecting to be something particular in the future.

10.      ***"Solicit"*** or ***"solicitation"*** when used with respect to customers and employees shall refer to a person or entity offering one's services, including supplying quotes for providing goods and/or service(s).

11.      The term ***"document"*** is used herein in its broadest sense, encompassing any medium upon which information may be recorded, and refers to and includes, but is not limited to, <u>communications (including email),</u> memoranda, meeting minutes, drafts, contracts, purchase orders, invoices, statements, notes, reports, logs, diaries, data, tape recordings, drawings, spreadsheets, ledgers, plans, and forms of recorded interaction between two or more persons or entities and all forms of recorded contact or attempt to make contact directed by one person or entity, including, but not limited to, letters, emails, text messages, faxes, voice recordings, voice messages, and Facebook or other social media posts, messages, and responses.

12.      The term ***"contact", "communication"*** or ***"communications"*** includes all forms of recorded interaction between two or more persons or entities and all forms of recorded contact or attempt to make contact directed by one person or entity to another person or entity, including, but not limited to, letters, emails, text

messages, faxes, voice recordings, voice messages, and Facebook or other social media posts, messages, and responses.

13.     The term *"identify"* when used with respect to a person means to state the person's full name, address, telephone number, email address, place of employment, and title or position with such employer.

14.     The term *"identify"* when used with respect to a corporation or other business entity means to provide (i) the entity's full name, address, and telephone number; (ii) the name of a contact person at the entity; and (iii) that contact person's telephone number and email address.

15.     The term *"identify"* when used with respect to a document means to provide the following information regarding the document: (i) type (paper copy, electronic, etc.); (ii) general subject matter; (iii) date; (iv) author(s); and (v) recipients(s).

16.     The term *"identify"* when used with respect to an oral communication, means (1) to state the date of such communication; (2) to identify each person participating therein and each person who was present; (3) to state what was said by each participant in the course of such communication, or, if not known or recalled, the substance; (4) to state whether there are any documents which set forth, summarize or refer to any portions of such oral communication; and (5) if such

documents exist, to identify each document and each person having custody of the document.

17. ***"Person"*** and ***"representative"*** shall include individuals, trusts, corporations, partnerships, and any other form of business entity.

18. ***"Any"*** shall include the collective as well as the singular and shall mean ***"each," "all,"*** and ***"every"*** and these shall be interchangeable.

19. ***"Relate to," "relating to,"*** and ***"regarding"*** shall be deemed to include directly or indirectly mentioning, describing, pertaining to, concerning, involving, or being connected with a stated subject matter.

20. ***"And"*** as well as ***"or"*** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories and document requests information which might otherwise be construed to be outside the scope of these request for admission.

21. ***"Possession"*** or ***"control"*** shall mean your possession or control and/or that of any one of your current or former agents, employees, and/or representatives.

22. ***"Complaint"*** refers to the Complaint filed by ECS in this action.

23. ***"Answer"*** refers to Defendants' Answer.

24. ***"Date"*** means the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof, including relationship to other events.

25.     The words **_"describe"_**, and **_"state"_** mean explain and state fully by reference to underlying facts, rather than to ultimate facts or conclusions of fact or law, and particularized as to time, place, and manner.

26.     The use of the singular form shall be deemed to include the plural and the plural shall be deemed to include the singular. Words of one gender shall be deemed to include words of all genders including the neuter.

27.     These Discovery Requests shall be deemed continuing, and supplemental responses shall be deemed requires to the extent You obtain further information after Your responses are submitted.

28.     These Discovery Requests are to be responded to and answered in detail. If You cannot answer any portion of these Discovery Requests in full, answer to the extent possible and explain Your inability to answer the remainder.

29.     All objections to a Document Request contained in these Discovery Requests on the grounds of any claim of privilege of any kind shall:

   a.    State the nature of claim or privilege;

   b.    State all the facts relied on in support of the claim of privilege or related thereto;

   c.    Identify each separate document or communication related to the claim of privilege for such document;

   d.    Identify all persons having knowledge of any facts related to the claim of privilege for such document;

e. Identify the preparer, sender and recipient of each document or communication, as well as each person that has received a copy of such document or communication;

f. Identify all events, transactions or occurrences related to the claim of privilege.

30. If any document or communication described herein was, but no longer is, in your possession or control, please state in detail:

a. What disposition was made of the document or communication;

b. The date of such disposition;

c. Whether the original document or communication or a copy of the document or communication is within the possession or control of any other person, corporation or entity; and

d. If the answer to subpart (3) is affirmative, the identify of that other person, corporation, or entity.

31. Documents stored as hard copy in the ordinary course of business and produced as hard copy shall be produced either: (a) organized and labeled to correspond with the categories in the requests or (b) as they are kept in the usual course of business, including any indicators of the manner in which they kept in the usual course of business (e.g., with labeled file folders). Any documents stored electronically in the ordinary course of business, or hard-copy documents produced as scans, shall be produced in accordance with the attached **Exhibit A** (single-page TIFF/JPG filed, OCR/extracted text, Relativity-compatible load tile (..OPT), metadata (.DAT) and standard native types, as specified in the attached exhibit A).

32.     Unless otherwise indicated, all Discovery Requests relate to the period July 1, 2018 to present.

## REQUESTS FOR ADMISSION

**REQUEST TO ADMIT NO. 1:** Admit that, prior to July 1, 2018, You informed Paz-Borrego about, or that she was otherwise aware of, the Confidentiality and Non-Competition Agreement attached as Exhibit A to the Complaint.

**RESPONSE:**


**REQUEST TO ADMIT NO. 2:** Admit that You violated the Confidentiality and Non-Competition Agreement attached as Exhibit A to the Complaint.

**RESPONSE:**


**REQUEST TO ADMIT NO. 3:** Admit that ASAP filed its Articles of Incorporation in Florida in July 2018.

**RESPONSE:**


**REQUEST TO ADMIT NO. 4:** Admit that Maria Veronica Montesinos is an assumed name or current or former aliases or name of Paz-Borrego.

**RESPONSE:**

**REQUEST TO ADMIT NO. 5:** Admit that Paz-Borrego incorporated ASAP under the name Maria Veronica Montesinos.

**RESPONSE:**


## INTERROGATORIES

**INTERROGATORY NO. 1:** For any Request for Admission to which your answer is not an unqualified admission, please state with particularity the factual reason(s) you did not admit the request, all persons with knowledge of these facts, and all documents supporting these facts.

**RESPONSE:**


**INTERROGATORY NO. 2:** Identify and describe, in detail, and not generalities, all commercial and residential HVAC services and installations that You performed, facilitated, or assisted with in any way for any company or individual (other than ECS), including the amount paid for each service and the client, customer, or other person for whom it was performed, arranged, or facilitated.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify and describe in detail, and not generalities, the date(s) and substance of all communications and/or conversations (whether verbal or in writing) between You and any other person or entity regarding Your actual or prospective business relationship with ASAP or any other HVAC company (other than ECS), including, but not limited to, any and all actual, proposed, negotiated, or accepted terms and conditions of the relationship including, but not limited to, compensation and/or benefits, the role(s), job duties, or other expectations in the relationship.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify each and every ASAP Customer whom or which You contacted or visited during the time You were employed by ECS.

**RESPONSE:**

**INTERROGATORY NO. 5:** Identify each ASAP Customer with whom or which You and/or Paz-Borrego provided service(s) to on behalf of ASAP or any other HVAC company (other than ECS) during the time You were employed by ECS.

**RESPONSE:**

**INTERROGATORY NO. 6:** Identify each ASAP Customer with whom or which You and/or Paz-Borrego provided service(s) to on behalf of ASAP or any other HVAC company (other than ECS) that You and/or Paz-Borrego have contacted or visited since Your employment with ECS ended.

**RESPONSE:**


**INTERROGATORY NO. 7:** Identify any person or company identified on the list attached as **Exhibit B** with whom or which You and/or Paz-Borrego had communication with (whether verbal or in writing) or visited on behalf of ASAP or any other HVAC company (other than ECS) during Your employment with ECS.

**RESPONSE:**


**INTERROGATORY NO. 8:** Identify any person or company identified on the list attached as **Exhibit B** with whom or which You and/or Paz-Borrego had communication with (whether verbal or in writing) or visited on behalf of ASAP or any other HVAC company (other than ECS) since Your employment with ECS ended.

**RESPONSE:**

**INTERROGATORY NO. 9:** Identify the date(s) and amount(s) of each payment made to You, Paz-Borrego and/or ASAP by Atlantic III Condominiums.

**RESPONSE:**


**INTERROGATORY NO. 10:** Identify and describe, in detail, and not generalities, the date(s) and substance of all communications and/or conversations (whether verbal or in writing) between You and any other person or entity regarding any recruitment and/or hiring of independent contractors, partners and/or employees in or for ASAP or any other HVAC company (other than ECS), including, but not limited to, any and all actual, proposed, negotiated, or accepted terms and the conditions of any agreements including, but not limited to, compensation and/or benefits, the role(s), job duties, or other expectations.

**RESPONSE:**


**INTERROGATORY NO. 11:** Identify and describe, in detail, and not generalities, the date(s) and substance of all communications and/or conversations (whether verbal or in writing) between You and any other person or entity relating to ASAP, including without limitation, the potential and/or actual hiring of the current or former employees of ECS identified on the list attached as **Exhibit C.**

**RESPONSE:**

**INTERROGATORY NO. 12:** Identify the date(s) and amount(s) of each payment made by You, Paz-Borrego, and/or ASAP to the current or former ECS employees identified on the list attached as **Exhibit C.**

**RESPONSE:**

**INTERROGATORY NO. 13:** Identify all facts that support each of your affirmative defenses, all persons with knowledge of those facts, and all documents that support those facts.

**RESPONSE:**

**INTERROGATORY NO. 14:** State the name and present address of each person who has been or may be retained as an expert witness on your behalf in connection with the trial of this case and for each such expert, describe in detail the party whom engaged the expert witness, the subject matter about which each identified expert is expected to testify, the substance of those facts and opinions to which each identified expert is expected to testify, and a summary of the grounds for each opinion.

**RESPONSE:**

**INTERROGATORY NO. 15:** Identify Your current employer by name, address and telephone number.

**RESPONSE:**


**INTERROGATORY NO. 16:** Identify any person or company, other than ECS, (by name, address and telephone number) for whom or which You worked as an independent contractor.

**RESPONSE:**


**INTERROGATORY NO. 17:** Identify any and all business in which you have a direct or indirect ownership interest.

**RESPONSE:**


**INTERRORATORY NO. 18:** Identify any and all email addresses, cell phones, computers and/or other electronic devices that You used to conduct business or otherwise communicate regarding any business matters, and with respect to any such electronic devices, provide its current location.

**RESPONSE:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

For the time period July 1, 2018 to present, please produce the following documents:

**REQUEST TO PRODUCE NO. 1:** Separately, for each interrogatory above, produce all documents, records, files, materials and written communications reviewed, referenced, or identified in responding to the interrogatories above.

**REPONSE:**

**REQUEST TO PRODUCE NO. 2:** Produce all documents referenced or relied upon in preparing the Answer.

**REPONSE:**

**REQUEST TO PRODUCE NO. 3:** Produce all documents referenced or relied upon in preparing the Affirmative Defenses included with the Answer.

**REPONSE:**

**REQUEST TO PRODUCE NO. 4:** Produce all documents and communications relating to ASAP's formation, and ASAP's ownership and business activities (including without limitation, ASAP's financial books and records).

**REPONSE:**

**REQUEST TO PRODUCE NO. 5:** Produce all documents and communications relating to Your business and/or employment relationship with ASAP.

**REPONSE:**


**REQUEST TO PRODUCE NO. 6:** Produce all documents and communications with any person or company identified on the list attached as **Exhibit B**.

**REPONSE:**


**REQUEST TO PRODUCE NO. 7:** Produce all documents and communications with any person identified on the list attached as **Exhibit C**.

**REPONSE:**



**REQUEST TO PRODUCE NO. 8:** Produce all documents and communications between You and ASAP.

**REPONSE:**

**REQUEST TO PRODUCE NO. 9:** Produce all documents reflecting any current and/or former customers of ASAP.

**REPONSE:**


**REQUEST TO PRODUCE NO. 10:** Produce all invoices issued by ASAP to any person or company.

**REPONSE:**


**REQUEST TO PRODUCE NO. 11:** Produce all quotations made or provided to any person or company by ASAP.

**REPONSE:**


**REQUEST TO PRODUCE NO. 12:** Produce any and all communications with CSM Mechanical, LLC and/or any of its current or former employees, representatives, agents and/or affiliates.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 13:** Produce any and all agreements with CSM Mechanical, LLC and/or any of its current or former employees, representatives, agents and/or affiliates.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 14:** Produce any documents concerning or relating to any business or personal loans made to You, Paz-Borrego and/or ASAP.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 15:** Produce any communications with the Besty Ross Hotel and/or any of its current or former employees, representatives, agent and/or affiliates.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 16:** Produce all documents and communications relating to any expert testimony or opinions that will or may be offered on Defendants behalf at any hearing or trial in this action, including, without limitation, all non-privileged documents provided to any expert or consultant in connection with this matter and any report or statement created by any expert or consultant.

**REPONSE:**

**REQUEST TO PRODUCE NO. 17:** Produce the most current curriculum vitae for each expert witness Defendants intend to call at trial.

**REPONSE:**


**REQUEST TO PRODUCE NO. 18:** Produce all sworn statements, affidavits, or declarations that Defendants have made or obtained from any person with regard to the subject matter of any pleading filed in this matter.

**REPONSE:**


**REQUEST TO PRODUCE NO. 19:** Produce all documents that Defendants intend to introduce or may introduce as an exhibit at any hearing, deposition, trial, or other proceeding in this action.

**REPONSE:**


**REQUEST TO PRODUCE NO. 20:** To the extent not previously produced in connection with any other requests, produce all writings, records, documents and/or tangible evidence that related in any way, whether directly or indirectly, to any issue, claim, or defense presented in this case, whether or not Defendants have made a

decision as to whether it will be introduced as an exhibit, or used in any other way, in the trial of this case.

**REPONSE:**


**REQUEST TO PRODUCE NO. 21:** Produce Your full and complete federal and state tax returns (with all schedules) for the tax years 2018-present. To the extent You filed Your taxes separately from Paz-Borrego and/or ASAP, produce full and complete federal and state tax returns (with all schedules) for Paz-Borrego and ASAP for the same time period.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 22:** Produce all W-2 and 1099 tax forms issued to You and/or Paz-Borrego (by and person or company other than ECS) for the tax years 2018-present.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 23:** Produce all monthly bank account statements for ASAP.


**RESPONSE:**

**REQUEST TO PRODUCE NO. 24:** Produce all of Your monthly back account statements.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 25:** Produce any operating agreements, shareholder agreements or similar documents for any business in which You have a direct or indirect ownership interest.

**RESPONSE:**


Respectfully submitted,

Date: September 18, 2024

/s/ *Stuart M. Schwartz*
Stuart M. Schwartz (P62752)
T. Andrew Keating (P86261)
Taft Stettinius & Hollister LLP
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
sschwartz@taftlaw.com
akeating@taftlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2024, I served the foregoing document and accompanying certificate of service via e-mail to all parties of record at their respective e-mail addresses as disclosed on the pleadings.

Respectfully submitted,

/s/ *Stuart M. Schwartz*
Stuart M. Schwartz (P62752)



**EXHIBIT A**

Standard Production Protocol and Specifications

Electronically Stored Information (ESI) shall be produced as follows:

Platform
Taft Law uses Relativity and the specifications should conform as described below.

Document Identifier
Each document should have a Prefix and unique and sequential document number to assist in the organization of documents (e.g. ABC000001, ABC000002, etc.) and attachments must immediately follow an email.

Load Files
- OPT – Taft Law requests a standard delimited data load file (.OPT) load file for all images (when images are required to be produced).

- DAT – Taft Law requests a standard load file (.DAT) for metadata using the delimiters, found in Appendix A below.

Images
- Should the production format require images, we request images be provided in their native palette, (color stays color; black and white stays black and white) for all emails, email attachments and loose files in the production, with notes, comments, track changes, hidden data, etc. turned on.

- The name of the single page image files should reflect its corresponding Bates number (e.g. ABC_00000001.tif, ABC_00000002.jpg, etc.)

- Image Formats
  Black/White - Single-page Group IV TIFF images
  Color - Single page JPG images

- Any exceptions to imaging can be found in the Native File Production section below.

Endorsements
Each page should include branded sequential document production (Bates) numbers on the lower right corner.  Confidential designations are to be branded on the lower left corner and redactions will be applied (if necessary).

4867-9694-4972

<u>Native File Production</u>
For email attachments and loose files, as part of the production:

- Due to the cost or inability of image conversion and the formatting issues commonly encountered with converting the following file types to image format, only native files, rather than images, shall be produced for the following data types,:

    - Microsoft Excel$^{®}$ documents
    - Computer Aided Drafting (CAD) files
    - Microsoft Access$^{®}$ databases
    - Sound and music files (.mp3, .wav, .ram, .ra, .mid, etc.)
    - Video files (.3g2 .3gp .asf, .asx, .avi, .flv, .mov, .mp4, .mpg, .rm, .swf, .vob, .wmv, .etc)

- The name of the native file should reflect its corresponding Bates number(e.g. ABC000001.msg, ABC000002.xls, etc.)

<u>Image Placeholder For Native Files</u>
For image-based productions where any of the non-image format file types from section 6. are being produced, please insert a one page Bates stamped image placeholder for the native file stating that the file was produced in native format.

<u>Deduplication</u>
All email, email attachments and loose files should be de-duplicated across custodians (globally) to eliminate duplicative content. However, all custodian receiving the same email shall be identified in the metadata fields included in the .DAT file.

<u>Email Threading</u>
Producing parties shall employ email threading.

<u>Email Attachments</u>
All attachments associated with an e-mail shall be produced. When processing e-mail with attachments, relationships between e-mails and their attachments must be maintained.

<u>Extracted Text/OCR Files</u>
- Each file should have a corresponding native extracted text file or OCR text file at the document level for those file types that do not natively have text (such as image based PDFs).

- If a document contains no text, a text file should still be provided. That file can be blank or may contain placeholder language (e.g. "No text available.").

- The name of the document level text files should reflect its corresponding Bates number (e.g. ABC000001.txt, ABC000002.txt, etc.).

4867-9694-4972

Metadata

Parties will exchange the metadata fields identified to be produced in Appendix B in a .DAT file including production related fields and corresponding metadata.

Structured Data Systems

For ESI created within structured data systems (such as accounting or proprietary systems) each party will identify the relevant systems and the related content which exists in those systems. The parties can then agree on appropriate production formats for those data sources.

Embedded Files

Embedded emails and files are to be fully extracted, and the appropriate parent-childrelationship must be maintained. Examples of embedded files include the following:

- ZIP files and other compressed file formats;
- Embedded PDF file formats;
- Embedded emails that exist as an attachment to an email.

File Exchange

Taft Law prefers that the production be made electronically either directly to its vendor or through a secure file share site.

4867-9694-4972

<u>Appendix A</u>

| Delimiter Description | ASCII Symbol | ASCII Number |
|---|---|---|
| Field Separator | ¶ | 22 |
| Quote Character | þ | 254 |
| Multi-entry | ; | 59 |
| <Return> Value/New Line | ® | 174 |

| Field | Description |
|-------|-------------|
| **ProdBegBates** | Beginning bates number |
| **ProdEndBates** | Ending bates number |
| **BegAttach** | Begin Number of the Attachment Range |
| **EndAttach** | End Number of the Attachment Range |
| **TAG - Confidentiality** | Confidential Designation of the record |
| **Redacted** | Document has redactions |
| **Application** | Native application identified for the file type |
| **Document Type** | Type of file, usually an "E-FILE" or Outlook type (e.g. "Mail", "Calendar", etc) |
| **Custodian** | Name of the custodian |
| **All Custodians** | Custodians for globally de-duped documents. Custodian Name separated by a semicolon for multiple values (ex. John Doe; Mary Jane; Sam Jones ). |
| **From** | Email address of the sender of a message |
| **Sent To** | The recipients in the "To" field of an email message |
| **CC** | The recipients in the "CC" field of an email message |
| **BCC** | The recipients in the "BCC" field of an email message |
| **Date Sent** | Sent date from an email message |
| **Time Sent** | Sent time from an email message |
| **Date Created** | Created date for edocs documents |
| **Time Created** | Created time for edocs documents |
| **Subject** | Subject of an email message |
| **Filename** | Name of the document |
| **Unified Title/File Name (if available)** | Combination of Email Subject for Emails and File Name for attachments or loose files. |
| **Sort/Master Date/Time (or equivalent)** | Email Date/Time & is applied to children documents for sorting purposes. |
| **Title** | Title of an edocs document (Located in the setting for the document) |
| **App Created Date** | Created date, from edocs metadata |
| **App Created Time** | Created time, from edocs metadata |
| **App Modified Date** | Modified date, from edocs metadata |
| **App Modified Time** | Modified time, from edocs metadata |
| **Meta Author** | Author of an edocs document |

4867-9694-4972

| Field | Description |
|---|---|
| **Extension** | The detected file extensions of the document |
| **NativefilePath** | Relative link to Native file |
| **TextFilePath** | Relative link to doc-level text file |
| **MD5HASH** | MD5HASH of electronic loose files or attachments |

# **EXHIBIT B**

## ECS CUSTOMER LIST

This list of customers serviced or solicited by ECS is confidential pursuant to the Protective Order entered in the above-captioned case.

- █████████████████████████
- ████████████████████████
- ███████
- ██████████████████████████
- ██████████████████
- ██████████████████████
- ██████████████████████████
- ██████████████████████████
- █████████████████
- ███████████████████████████
- █████████████
- ██████████████
- ██████████████████████
- ███████████████████
- ██████████████████
- ████████████████
- ████████████████
- █████████████
- ████████████
- ██████████████████████████

# <u>EXHIBIT C</u>

## <u>ECS EMPLOYEE LIST</u>

This list of current and former ECS employees and/or contractors is confidential pursuant to the Protective Order entered in the above-captioned case.



