UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ENGINEERED COMFORT SYSTEMS, INC.,

        Plaintiff,

-v-                                        Case No. 2:24-cv-10924
                                              Hon. Gershwin A. Drain

ASAP AIR MECHANICAL TEAM, INC.,
VERONICA PAS-BORREGO and
THEODORE BORREGO,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL, TO DEEM REQUESTS FOR ADMISSION ADMITTED, AND FOR SANCTIONS**

This matter is before the Court regarding Plaintiff Engineered Comfort Systems, Inc.'s ("ECS") Motion to Compel, to Deem Requests for Admission Admitted, and for Sanctions ("Motion"), regarding its discovery requests served September 18, 2024 (the "Discovery Requests").

The Motion is **GRANTED.**

**IT IS THEREFORE ORDERED** as follows:

1.    All objections asserted by Defendants Theodore Borrego ("Borrego"), Veronica Paz-Borrego ("Paz-Borrego"), and ASAP Air Mechanical Team, Inc. ("ASAP") (collectively, "Defendants") are hereby deemed waived.

1

2. Defendants shall respond in full, and without objection, to the Discovery Requests within 7 days of entry of this Order. Specifically, and without limiting the foregoing, Defendants shall, within 7 days of entry of this Order:

a. Respond in full to Interrogatory No. 4 of the Discovery Requests by identifying each ASAP Customer (as that term is defined in the Discovery Requests) who Borrego contacted or visited on while he was employed by ECS;

b. Respond in full to Interrogatory No. 5 of the Discovery Requests by identifying each ASAP Customer (as that term is defined in the Discovery Requests) who Borrego and/or Paz-Borrego provided services to on behalf of anyone other than ECS while Borrego was employed by ECS;

c. Respond in full to Interrogatory No. 6 of the Discovery Requests by identifying each ASAP Customer (as that term is defined in the Discovery Requests) who Borrego and/or Paz-Borrego contacted or provided services to on behalf of ASAP (or any HVAC company other than ECS) after Borrego's employment with ECS ended;

d. Respond in full to Interrogatory No. 7 of the Discovery Requests by identifying each ECS customer (as identified on the Exhibit B attached to the Discovery Requests) that Borrego or Paz Borrego contacted (verbally or in writing), on behalf of any HVAC company other than ECS, while Borrego was employed by ECS;

e. Respond in full to Interrogatory No. 8 of the Discovery Requests by identifying each ECS Customer (as identified on the Exhibit B attached to the Discovery Requests) that Borrego or Paz Borrego contacted (verbally or in writing), on behalf of any HVAC company other than ECS, after Borrego's employment with ECS ended;

f. Respond in full to Interrogatory No. 9 of the Discovery Requests by identifying the dates and amounts of all payments made to any of the Defendants by Atlantic III Condominiums;

170507848v1

g. Respond in full to Interrogatory No. 12 of the Discovery Requests by identifying all payments that Defendants made to any current or former ECS employee (as identified on the Exhibit C attached to the Discovery Requests);

h. Produce all documents responsive to Request to Produce No. 4 of the Discovery Requests, including documents and communications relating to ASAP's formation, ownership, and business activities, including specifically (and without limitation) its financial books and records;

i. Produce all documents responsive to Request to Produce Nos. 6 and 7 of the Discovery Requests, including all communications with each person or entity listed on Exhibits B and C of the Discovery Requests;

j. Produce all documents responsive to Request to Produce No. 10 and 11 of the Discovery Requests, including all invoices and all quotation documents issued by ASAP to any person or company;

k. Produce all documents responsive to Request to Produce Nos. 12 and 13 of the Discovery Requests, including all communications and agreements between any of the Defendants and CSM Mechanical, LLC;

l. Produce all documents responsive to Requests to Produce Nos. 21 and 22, including all tax returns issued to or filed by each of the Defendants between the tax years 2018-present;

m. Produce all documents responsive to Requests to Produce Nos. 23 and 24, including all monthly bank account statements for each of the Defendants; and

n. Produce all documents responsive to Request to Produce No. 25 of the Discovery Requests, including operating agreements, shareholder agreements, or similar documents pertaining to any business entity in which Borrego holds any direct or indirect ownership interest.

3. Within 7 days of entry of this Order, Borrego and Paz-Borrego shall file affidavits with the Court: (1) attesting they are not aware of any information

170507848v1

responsive to any of the interrogatories that has not been disclosed in response to the interrogatories; (2) attesting they have produced all documents in their possession, custody, and/or control that are responsive to any of the Discovery Requests; and (3) if and to the extent any information and/or documents responsive to the Discovery Requests is no longer in their possession, custody and/or control, describing, in detail, and not generalities, the circumstances that occasioned the unavailability of such information and/or documents. The affidavits shall further describe, with specificity, the nature of the search for responsive documents and information that Defendants performed for each of the Discovery Requests, including identifying which computers, electronic devices, email accounts, files, and physical records that they searched.

4. Each of the Requests for Admission in the Discovery Requests are deemed admitted.

5. ECS is awarded its costs and reasonable attorneys' fees incurred in bringing the motion or as otherwise permitted under Fed. R. Civ. P. 37. The issue of the amount of those fees and costs and other attendant issues will be resolved by Motion if they cannot be agreed upon by the parties.

170507848v1

**IT IS SO ORDERED.**

Date: 1/3/2025  <u>/Elizabeth A. Stafford</u>
U.S. MAGISTRATE JUDGE